THE CITY BUILDING AND LOAN COMPANY, RESPOND-
ENT, *v.* GEORGE L. FATTY, IMPLEADED, &c., APPELLANT.

*Foreclosure—Building Associations—Usury—Practice—Findings of Fact.*

This Court cannot go beyond the findings of the Special Term to determine
whether the conclusions of law are erroneous. If a party desires to present
questions of fact, he must present them through the proper findings of the
Judge, referee, or jury.

PARKER, J.—This action is brought to foreclose a mortgage ex-
ecuted to the Plaintiff by George L. Fatty and Louisa Fatty his
wife. It was tried at a Special Term of the Supreme Court of the
city of Buffalo, and resulted in a decision in favor of the Plain-
tiff, upon which judgment was rendered, which the General Term
of that Court, on appeal, affirmed. The record shows no findings
of fact by the Special Term, and its only conclusions of law are
the decision, " that there is due to the Plaintiff, on the bond and
mortgage mentioned and set forth in the complaint, the sum of
$756.88 ;" and the direction that "judgment be entered for a
foreclosure and sale," containing the ordinary provisions and di-
rections, including the one that, if the moneys arising from the
sale be insufficient to pay the amount due, &c., " the Defendant,
George L. Fatty, who is personally liable for the payment of the
debt secured by the bond and mortgage, pay to the Plaintiff the
amount of such deficiency," &c. These conclusions and decisions
were excepted to by the Defendant.

Inasmuch as the Appellant has failed to bring before this Court
the facts of the case in the only way authorized by the Code—that
is, by the *findings* of the Court at Special Term (Code, § 268,
subd. 2 and 3)—it is quite impossible for us to say that there is any
error in the decision of the Special Term.

The allegations of error made by the Appellant's counsel in his
points are, that the loan for which the bond and mortgage were
given was usurious; that the Plaintiff had no corporate authority
to exact *any* interest, and hence the act of loaning on interest was

ultra vires; that the bond was illegal and void, because it does not appear that the advance was made for the objects contemplated by the act under which the Plaintiff became incorporated, and that the bond was both usurious and illegal, because neither Defendant Fatty nor his wife were stockholders in the association when the loan was granted, and therefore the loan is not saved from being usurious by the provisions of the act on that subject.

It is manifest that all these objections to the Plaintiff's right to a judgment in its favor rest upon assumed facts. We cannot go into an examination of the evidence to see whether the facts necessary to sustain the objections exist (Grant *v.* Morse, 22 N. Y. R. 323; Cady *v.* Allen, 18 N. Y. R. 573; Phelps *v.* McDonald, 26 N. Y. R. 82; Leland *v.* Cameron, 31 N. Y. R. 115).

If we look into the pleadings to see whether the necessary facts on which to raise the Defendant's objections there stand admitted, we find that no facts are there admitted. The answer contains a general denial of all the allegations of the complaint. Neither is there any defect in the Plaintiff's case, as stated in the complaint, which, even if taken as it there stands, presents any obstacle to the judgment. It is true, as the Defendant's counsel insists, that the bond therein set forth requires the payment of seven per cent. interest on the whole principal sum of $1,800, notwithstanding it also requires the monthly reduction of such principal by the payment of instalments of $9 per month. But these payments are to continue only " until the object of the said The City Building and Loan Association, as contemplated in and by its articles of association, should be attained and accomplished "—that is, until the fund accumulated shall amount to $200 per share, when it is to be returned to the members of the association. The money loaned, therefore, is not to be absolutely repaid; and the requirement to pay interest on the whole principal, after it shall have been reduced by the monthly instalments, does not make the bond usurious. There is nothing in the complaint showing how nearly the Defendant's share, or the whole number of shares into which the stock of the association was divided, was paid up, and consequently nothing showing but that $200 per share would be ready

to be returned to the members entitled to it, and thus the " object contemplated by the articles of agreement be attained and accomplished " upon the payment of the first monthly instalment required by the bond.

In regard to the objection that the loan upon interest was beyond the corporate authority of the Plaintiff, we find, upon looking into the act, that it contemplates the making of loans to members of the association, without prohibiting loans upon interest. The taking of interest is so much the ordinary incident to a loan, that the authority to loan implies it, and it was not an act ultra vires in the corporation to make a loan on interest. The other objections resting wholly upon facts assumed, but not shown to exist, must also fail to be sustained. The judgment should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.